UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF FLORIDA
CASE NO.:

CESAR RODRIGUEZ,

        Plaintiff,

v.

ESQUIRE EXPRESS, INC. d/b/a ESQUIRE LOGISTICS, INC.
a Florida Corporation,

        Defendant.
_____/

## COMPLAINT

Plaintiff, CESAR RODRIGUEZ ("RODRIGUEZ" or Plaintiff), by and through his undersigned counsel, hereby files this Complaint against Defendant, ESQUIRE EXPRESS, INC. d/b/a ESQUIRE LOGISTICS, INC. (hereinafter "ELI" or "Defendant") and says:

## JURISDICTION AND VENUE

1. This action is brought against Defendant for its unlawful employment practices pursuant to the Americans with Disabilities Act Amendments Act (ADAAA), 42 U.S.C. §12101 *et seq*. and Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

1

## **PARTIES**

5. Plaintiff is a resident of Miami-Dade County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a mattress coordinator.

6. Plaintiff is a disabled male who experienced disparate treatment and retaliation on the basis of his disability. Plaintiff is therefore a member of a class protected under the ADAAA and the FCRA because the terms, conditions, and privileges of his employment were altered because of his disability.

7. Defendant is a Florida Profit Corporation registered to do business within Florida, with its principal place of business in Doral, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with ADAAA and the FCRA (Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

10. Plaintiff filed his charge on or about August 11, 2021, which was no more than 300 days after the last discriminatory event occurred, to wit: October 26, 2020.

11. Plaintiff was issued a Notice of Suit Rights on January 6, 2023. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

## GENERAL ALLEGATIONS

12. Plaintiff, a disabled male, worked for Defendant as a mattress coordinator from December 2019 until his termination on October 26, 2020.

13. Before Plaintiff was hired, he informed Defendant that has a condition called Vitiligo which is an autoimmune process against pigment making cell resulting in white spots all over Plaintiff's skin.

14. Due to his condition, Plaintiff cannot be exposed to the sun for any amount of time.

15. Defendant acknowledged Plaintiff's restrictions due to his medical condition and hired him to work in the warehouse exclusively.

16. Plaintiff's co-workers including the Warehouse Manager, Earl Madden ("Madden") and owner Steve Howard ("Howard") were all aware of Plaintiff's medical condition because the white spots are visible all over Plaintiff's body.

17. Due to his condition, Plaintiff was also required to wear long pants and long sleeve shirts while working in a very hot warehouse so that he could limit the amount of sun exposure when he walked past open doors.

18. On October 26, 2020, Plaintiff was approached by Madden on his way in to the warehouse wherein Madden instructed Plaintiff not to clock in and to go do deliveries outdoors instead.

19. Plaintiff reminded Madden of his medical condition and explained how the exposure to the sun would exacerbate his condition.

20. Madden told Plaintiff that if he did not get on the truck then he quit.

21. The delivery truck left without Plaintiff.

22. Madden then informed Plaintiff that he quit and told Plaintiff to leave, effectively terminating Plaintiff.

23. Prior to Plaintiff's termination, he was never reprimanded for any performance or insubordination issues during his employment with Defendant.

24. Even if Defendant had legitimate, non-discriminatory reasons for its actions, Plaintiff's disability was, at minimum, a motivating factor in Defendant's disparate treatment of Plaintiff including but not limited to Defendant's decision to terminate Plaintiff [1].

25. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

26. Plaintiff is entitled to reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I: DISABILITY DISCRIMINATION (ADA AND ADAAA)

27. Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

28. Plaintiff is person with a disability as that term is defined under the Americans with Disabilities Act, as amended ( hereinafter, "ADAAA") § 101(8) (42 U.S.C. § 12111(8), in that he suffered a skin condition called Vitiligo which substantially limits his ability to perform at least one major life function, to wit: to be exposed to the sun.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

29. Plaintiff is, and at all times was, qualified to perform the essential functions of his job as a mattress coordinator, with the reasonable accommodation of working indoors exclusively.

30. Plaintiff is therefore a "qualified individual" as that term is defined in the ADAAA.

31. Plaintiff was able to perform the essential functions with the accommodation of working indoors exclusively.

32. The accommodation of working indoors exclusively would not have caused an undue burden to Defendant.

33. Title I of the ADAAA prohibits employers from taking adverse employment action against an employee as a result of his actual disability or record of disability and further requires employers to reasonably accommodate the actual or recorded disabilities.

34. Defendant discriminated against Plaintiff by failing to accommodate and terminating Plaintiff due to his disability.

35. Had Plaintiff not been disabled, he would not have suffered these adverse employment actions.

36. Defendant's basis for terminating Plaintiff, if any, are pretextual. Had Defendant properly accommodated Plaintiff, Plaintiff could have performed the essential functions of his position.

37. Even if Defendant could assert legitimate reasons for its decision to terminate Plaintiff, Plaintiff's disability was, at minimum, a motivating factor[2] in Defendant's decision to terminate his employment.

---

[2] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to his claims.

38. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands compensation for his back wages, front pay, compensatory and punitive damages, and any other remuneration permitted under the law.

39. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff CESAR RODRIGUEZ requests judgment as follows:

a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

b) compensatory damages;

c) punitive damages;

d) attorney's fees and costs; and

e) any other award this Court deems necessary.

## COUNT II: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA AND ADAAA

40. Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

41. Plaintiff is person with a disability as that term is defined under the ADAAA in that that he suffered a skin condition called Vitiligo which substantially limits his ability to perform at least one major life function, to wit: to be exposed to the sun.

42. Plaintiff is, and at all times was, qualified to perform the essential functions of his job as a mattress coordinator, with the reasonable accommodation of working indoors exclusively.

43. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

6

44. Plaintiff was able to perform the essential functions with the accommodation of working indoors exclusively.

45. Plaintiff requested the reasonable accommodation and Defendant provided, until the day of his termination, working indoors exclusively.

46. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9).

47. Instead of allowing Plaintiff to working indoors exclusively in the warehouse position he was hired for, he was terminated for refusing to work outdoors making deliveries as doing so would exacerbate his medical condition.

48. Plaintiff's request for accommodation was reasonable and would not have caused Defendant undue hardship.

49. Because Defendant did not accommodate Plaintiff, Plaintiff was terminated.

50. As a result of Defendant's actions, Plaintiff has suffered damages by way of lost wages and benefits, attorney's fees, etc.

WHEREFORE, Plaintiff CESAR RODRIGUEZ requests judgment as follows:

a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

b) compensatory damages;

c) punitive damages;

d) attorney's fees and costs; and

e) any other award this Court deems necessary.

### COUNT III: VIOLATION OF THE ADA AND ADAAA (RETALIATION)

51. Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

52. Plaintiff brings this action for retaliation in violation of the ADA and ADAAA.

53. On October 26, 2020 Plaintiff's supervisor required Plaintiff to make deliveries outdoors knowing that Plaintiff had a medical condition that would be greatly exacerbated by sun exposure.

54. Plaintiff complained about the assignment to do deliveries instead of the warehouse position he was hired to do.

55. As a result of Plaintiff's complaints, Plaintiff was terminated on or about October.

56. Plaintiff was advised that he was terminated as a result of insubordination, which was pretextual.

57. Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAA.

58. Defendant's actions were done with malice, and with disregard for Plaintiff's rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff CESAR RODRIGUEZ requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not

      been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV: HANDICAP/DISABILTY DISCRIMINATION (FCRA)

59. Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

60. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer:
> (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

61. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability and/or record of having such handicap(s)/disability/disabilities.

62. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, his termination, as set forth above, was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities, which substantially limited his in one or more major life activities, and/or Plaintiff's record of having such handicap(s)/disability/disabilities.

63. Defendant failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities as required by law, leading to Plaintiff's termination.

64. There was no valid, legal reason for Plaintiff's termination.

9

65. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which it could not, Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap/disability/disabilities were, at minimum, motivating factors[3] for Defendant's termination of Plaintiff's employment.

66. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

67. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff CESAR RODRIGUEZ requests judgment as follows:

a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

b) compensatory damages;

c) attorney's fees and costs; and

d) any other award this Court deems necessary.

## COUNT V: FAILURE TO ACCOMMODATE IN VIOLATION OF THE FCRA

68. Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

69. Section 760.10 of the FCRA states in relevant part:

(1) it is unlawful employment practice for an employer:
(a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

---

[3] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to his claims.

70. The FCRA accordingly requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

71. Plaintiff requested the reasonable accommodation and Defendant provided, until the day of his termination, working indoors exclusively.

72. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the FCRA.

73. Instead of allowing Plaintiff to working indoors exclusively in the warehouse position he was hired for, he was terminated for refusing to work outdoors making deliveries as doing so would exacerbate his medical condition.

74. Because Defendant did not accommodate Plaintiff, Plaintiff was terminated.

75. Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities.

76. Defendant failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities as required by law, leading to Plaintiff's termination.

77. Defendant's reason(s) for denying Plaintiff's requests, if any, are pretextual.

78. Even if Defendant could assert legitimate reasons for its failure to accommodate Plaintiff, Plaintiff's disability and/or record of having such handicap/disability/disabilities were, at minimum, motivating factors[4] for Defendant's failure to accommodate.

79. As a result of Defendant's failure/refusal to accommodate Plaintiff, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly

---

[4] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to his claims.

demands lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

80. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff CESAR RODRIGUEZ requests judgment as follows:

   a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

   b) compensatory damages;

   c) punitive damages;

   d) attorney's fees and costs; and

   e) any other award this Court deems necessary.

## COUNT VI: VIOLATION OF FCRA
## (RETALIATION)

81. Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

82. Plaintiff brings this claim for retaliation in violation of FCRA.

83. On October 26, 2020 Plaintiff's supervisor required Plaintiff to make deliveries outdoors knowing that Plaintiff had a medical condition that would be greatly exacerbated by sun exposure.

84. Plaintiff complained about the assignment to do deliveries instead of the warehouse position he was hired to do.

85. As a result of Plaintiff's complaints, Plaintiff was terminated on or about October.

86. Plaintiff was advised that he was terminated as a result of insubordination, which was pretextual.

87. Plaintiff's termination constitutes an adverse employment action under FCRA.

88.     Defendant's actions were done with malice, and with disregard for Plaintiff's rights protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff CESAR RODRIGUEZ requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to the applicable statute; and

c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff CESAR RODRIGUEZ hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: February 17, 2023.

                                                             LAW OFFICES OF CHARLES EISS, P.L.
                                                             Attorneys for Plaintiff
                                                             7951 SW 6th Street, Suite 112
                                                             Plantation, Florida 33324
                                                             (954) 914-7890 (Office)
                                                             (855) 423-5298 (Facsimile)

By:   /s/ Charles M. Eiss
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        chuck@icelawfirm.com
        JORGE GONZALEZ, Esq.
        Fla. Bar #1038146
        jorge@icelawfirm.com