UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-20637-WILLIAMS/REID

CESAR RODRIGUEZ,

    Plaintiff,
v.

TAYLOR CONCEPTS, CO.
*d/b/a* ESQUIRE LOGISTICS, INC.
*a Florida Corporation*,

    Defendant.
_____/

**AMENDED REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT**

    This matter is before the Court pursuant to Plaintiff Cesar Rodriguez's Motion for Final Default Judgment.[1] [ECF No. 38]. For the reasons set forth below, this Court **RECOMMENDS** that Plaintiff's Motion be **GRANTED**.

### I.   Background

    Plaintiff Cesar Rodriguez filed his Complaint in the United States District Court for the Southern District of Florida for damages stemming from a claim of unlawful employment practices pursuant to the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. §12101 *et seq.* and the Florida Civil Rights Act, Fla. Stat.§ 760.01 *et. seq*. The ADAAA and the Florida Civil Rights Act prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of

---

[1] The only paragraph amended in this Report and Recommendation is paragraph 20, which is amended to reflect attorney's fees and costs owed to Plaintiff. *See* [ECF No. 40 at ¶ 20].

1

employment." 42 U.S.C. § 12112(a); *see Chancey v. Fairfield Southern Co., Inc.*, 580 F. App'x 718, 720 (11th Cir. 2014); *Wade v. Florida Dep't of Juvenile Justice*, 745 F. App'x 894, 896 (11th Cir. 2018).

Service on Defendant was effectuated, and after Defendant's counsel withdrew, a Clerk's Default was entered against Defendant Taylor Concepts, Co. d/b/a Esquire Logistics, INC. on October 21, 2023. [ECF No. 37]. The Court being otherwise duly advised in the premises, finds as follows:

1. Plaintiff filed his Complaint on February 17, 2023.
2. This Court has jurisdiction to enter this Order.
3. Venue is proper as the cause of action accrued in the Southern District of Florida.
4. Defendant has never filed a response to the Complaint, had its counsel withdraw, has been afforded ample opportunity to obtain new counsel and file an appropriate response, and is now in default by virtue of the Clerk's Entry of Default on November 1, 2023 [ECF No. 37].
5. Plaintiff alleges is a disabled male who experienced disparate treatment and retaliation based on his disability. [*Id.* at ¶ 6].
6. He further alleges Defendant is a Florida Profit Corporation registered to do business within Florida, with its principal place of business in Doral, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida [*Id.* at ¶ 7].
7. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission

("EEOC") on or about August 11, 2021, which was no more than 300 days after the last discriminatory event occurred, to wit: October 26, 2020. [*Id.* at ¶¶ 9, 10].

8. Plaintiff was issued a Notice of Suit Rights on January 6, 2023. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation. [*Id.* at ¶ 11].

9. The uncontested facts are as follows: Plaintiff, a disabled male, worked for Defendant as a mattress coordinator from December 2019 until his termination on October 26, 2020. Before Plaintiff was hired, he informed Defendant that has a condition called Vitiligo which is an autoimmune process against pigment making cell resulting in white spots all over Plaintiff's skin. Due to his condition, Plaintiff cannot be exposed to the sun for any amount of time. Defendant acknowledged Plaintiff's restrictions due to his medical condition and hired him to work in the warehouse exclusively. [*Id.* at ¶¶ 12–15]. Plaintiff's co-workers including the Warehouse Manager, Earl Madden ("Madden") and owner Steve Howard ("Howard") were all aware of Plaintiff's medical condition because the white spots are visible all over Plaintiff's body. [*Id.* at ¶ 16]. On October 26, 2020, Plaintiff was approached by Madden on his way into the warehouse wherein Madden instructed Plaintiff not to clock in and to go do deliveries outdoors instead. Plaintiff reminded Madden of his medical condition and explained how the exposure to the sun would exacerbate his condition. Plaintiff was then terminated on the spot. [*Id.* at ¶¶ 18–22].

10. Title I of the ADAAA prohibits employers from taking adverse employment action against an employee as a result of his actual disability or record of disability and further requires employers to reasonably accommodate the actual or recorded disabilities. Plaintiff alleges Defendant discriminated against Plaintiff by failing to accommodate and terminating Plaintiff due to his disability. [*Id.* at ¶¶ 33–34].

11. Plaintiff claims he is a "qualified individual" as that term is defined in the ADAAA § 101(8) (42 U.S.C. § 12111(8)). A "qualified individual" is a person "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). *Chancey*, 580 F. App'x at 720 . An employer is not required to provide a reasonable accommodation unless and until the employee makes a specific demand for an accommodation. *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363–64 (11th Cir.1999).

12. Plaintiff bears the burden of proving he is a qualified individual with a disability under the ADAA and the Florida Civil Rights Act. *Leme v. S. Baptist Hosp. of Fla., Inc.,* 248 F. Supp. 3d 1319, 1341–42 (M.D. Fla. 2017). He must show that he can perform the essential functions of his job with or without a reasonable accommodation. *Id.*  Plaintiff alleges he was able to perform the essential functions with the accommodation of working indoors exclusively and requested the reasonable accommodation which Defendant provided, until the day of his termination. Defendant then failed to provide a reasonable accommodation as that term is defined in the ADAAA, § 101(9). [*Id.* at ¶¶ 43–46].

13. The Plaintiff has properly alleged a claim under the ADAA and the Florida Civil Rights Act and Defendant has not contested any of the factual allegations Plaintiff raised in his complaint. The Court therefore finds that Plaintiff has proven his case by a preponderance of the evidence.

14. His uncontested allegation that he was terminated because of his disability further satisfies the Retaliation claim in Count III of his Complaint, and the reciprocal Florida Civil Rights Act claims in Counts IV, V, and VI.

15. Plaintiff was compensated at the rate of thirteen dollars ($13.00) per hour while employed with the Defendant and worked at least forty hours per week with frequent overtime. Plaintiff estimates that on average he earned about $700.00 weekly. Plaintiff has no pay documents, and the Defendant has not provided any documentation to the contrary.

16. Plaintiff was terminated at the height of the COVID-19 pandemic and replacement jobs were scarce. Complicating matters is that Plaintiff, while having remained free of incarceration for several years, has a criminal history making it difficult to find work.

17. While employed with Defendant, Plaintiff had a part time job working at gas stations at the rate of $16.00 per hour. Following his termination, and continuing to February 2022, Plaintiff was unable to find work other than at the gas stations at an approximate weekly average rate of about $200.00 per week working 1–2 days per week. The exception was an approximately six-week time frame in April and May 2021 when, due to Ramadan, he was able to obtain full time work at the gas station due to the religious affiliation of the regular gas station employees. Beginning in February 2022, Plaintiff obtained a replacement full time warehouse position.

18. The weekly differential for Plaintiff is an average of $500.00 for the sixty (60) weeks not including the Ramadan holiday during which he was effectively unemployed.

19. The Court therefore finds that Plaintiff is entitled to judgment on Counts I–VI of his Complaint in the amount of $30,000.00.

20. The Court further finds that Plaintiff is entitled to his attorney's fees and costs pursuant to the statute in the amount of $4500.00.

## II.     Recommendation

For these reasons, this Court **RECOMMENDS** that Plaintiff's Motion for Final Default Judgement, [ECF No. 38], be **GRANTED**.

Objections to this Report may be filed with the district judge within seven days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F. 3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 12th day of April 2024.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE


cc:     **U.S. District Judge Kathleen M. Williams;
All Counsel of Record**